# EXHIBIT B

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

**Brenda Davis,**
**Clarence Davis, and**
**all others similarly situated**
      **Plaintiffs,**

**vs.**                                                                                  **Case No.:**

**Collecto, Inc.,**
**D.B.A. EOS CCA,**
      **Defendant.**

### CLASS ACTION COMPLAINT

### JURY TRIAL DEMAND

### I. BACKGROUND

1. The Plaintiffs, Brenda and Clarence Davis, are residents of Putnam Count, West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia
   Consumer Credit and Protection Act (herein "WVCCPA") and are entitled to the
   remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Collecto, Inc. D.B.A. EOS CCA, is a corporation having its principal
   offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d)
   engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-
   2-122(c) within the State of West Virginia, including Putnam County, West Virginia.

5. In or about 2017, the Plaintiffs had television service through the company Dish
   Network, LLC (hereinafter "Dish Network").

6. In or about early 2018, the Plaintiffs attempted to discontinue service with Dish Network.

7. Thereafter, the Plaintiffs began receiving telephone calls from the telephone number
   (877) 839-0927 attempting to collect on an alleged balance due and owing to Dish, which

the Plaintiffs disputed as inaccurate.

8. The individuals who called from the telephone number (877) 839-0927 identified themselves only as calling on behalf of "Dish Network" in relation to a "Dish account," and, during numerous calls to the Plaintiffs, never identified themselves as being a separate company or entity.

9. The Plaintiffs repeatedly told the collectors calling from the telephone number (877) 839-0927 to stop calling them and that they were not authorized to call them again.

10. The Defendant ignored those requests and continued to call the Plaintiffs.

11. The Plaintiffs brought suit against Dish Network in the United States District Court for the Southern District of West Virginia alleging various violations of state and federal telephone collection harassment laws.

12. Dish Network adamantly denied that they had any association with the telephone number (877) 839-0927, to the point of putting in an affidavit, attached as Exhibit A, this statement:

4.    The telephone number 877-839-0927 (the "'0927 number") is not used by DISH to make outbound telephone calls. DISH does not own the '0927 number. DISH's telephone dialing system does not, and has never, used the '0927 number to make outbound telephone calls. If Plaintiff received a telephone call bearing the CIN 877-839-0927, DISH did not make the call.

2

13. Further, Dish Denies making any debt collection calls the Plaintiffs at any point:

> 6.      DISH made a total of seven account-related telephone calls to Mr. and Mrs. Davis
>
> at the '6447 number in April 2016. None of the telephone calls were made to collect or attempt to
>
> collect a claim or debt.
>
> 7.      DISH made its last telephone call to the '6447 number on April 27, 2016.

14. Dish was explicitly asked in written discovery if they used a third-party debt collector,

and this was their response:

> 6.      Please indicate whether any third-party collection agency and/or independent
>
> contractors were used in the collection of this/these accounts in the last three (3) years. If such debt
>
> collector and/or independent contractors were used please provide the name, address and date said
>
> debt collection agency and/or independent contractor was used.

> **RESPONSE:**
>
> DISH objects to this Request on the basis that it is vague, ambiguous, and contains
> undefined terms. DISH additionally objects to the Request to the extent it seeks documents not in
> DISH's possession, custody, or control.
>
> Subject to and without waiving the foregoing objection, and pursuant to Fed. R. Civ. P.
> 33(d), DISH identifies DISH0000018.

15. Dish0000018, marked as confidential and thus attached under seal as Exhibit F, makes

---

[1] See Exhibit A, Affidavit of Joey L. Montano, Business Operations Manage, Dish Network, LLC.
[2] See Exhibit D, Affidavit of Joey L. Montano II, Business Operations Manage, Dish Network, LLC.
[3] See Exhibit E, Dish Netowrk's Written Discovery Responses, p. 8-9, interrogatory no. 6.

reference to only one third party debt collector, AMSHER Collection Services, Inc.

16. Upon information and belief, Amsher Collection Services, Inc. has no affiliation with the Defendant in this case.

17. Further, Amsher Collection Services, Inc. had the account from June 6, 2018 to July 23, 2018, when the balance was zeroed out, and does not explain the Defendant's calls placed to the Plaintiffs. See Exhibit F filed under seal.

18. Dish makes no mention of EOS CCA or any other third-party debt collector in any of its various affidavits, pleadings, or documents filed with the United States District Court for the Southern District of West Virginia.

19. Upon information and belief, Dish Network intentionally withheld the identity of the Defendant from the Plaintiffs in the District Court action in order to assist the Defendant in hiding their presence from the Plaintiff and all similarly situated individuals.

20. Upon information and belief, Dish Network hiding its use of a third-party debt collector from the Southern District of West Virginia would be at best a significant oversight, and at worst could be fraud, were it the case.

21. Upon information and belief, Dish Network intentionally withheld the identity of the Defendant from the Plaintiffs in the District Court action in order to assist the Defendant in hiding their presence from the Plaintiff and all similarly situated individuals.

22. On October 4, 2019 at 1:07 PM, the Plaintiff, Brenda Davis, called (877) 839-0927 from the offices of Klein & Sheridan, LC, with her counsel present.

23. The telephone was answered on the other end with, "Thank you for calling in regards to your Dish account. How may I help you today?" See Exhibit B, Affidavit of Brenda

4

Davis.

24. At no point during that introduction or any of the prior calls did the individuals calling

from (877) 839-0927 identify themselves as being in any way related to the Defendant.

25. At all times relevant, the Plaintiffs and their counsel believed that the number belonged to

Dish because numerous calls to the number resulted only in the announcement that this

was the number to call about a "Dish account," and the Defendant never once identified

itself as a separate collection company from Dish Network.

26. Based on Joey Montano's representations that Dish Network, LLC had not used the

telephone number (877) 839-0927 to call the Plaintiffs, the District Court dismissed the

Plaintiffs' collection harassment claims against Dish.

27. The Plaintiffs then came back to their counsel's office on November 18, 2019 and placed

another call to the telephone number (877) 839-0927 and recorded the call.  The

transcript of that call is attached as Exhibit C.

28. During the call on November 18, 2019, the Defendant did not once identify itself as being

with Collecto, Inc or EOS, or mention any company name other than Dish.

29. Upon information and belief, the Defendant never, during any calls placed to the Plaintiff

or any of the other prospective class members, identified itself by name.

30. The Defendant, Collecto Inc. is calling consumers in West Virginia, including the

Plaintiffs, without identifying who it is or alerting consumers to the fact that these calls

are not coming from Dish Network.

31. Upon information and belief, this is done with the intent of causing the Plaintiffs and

others similarly situated to believe they are speaking with Dish when that is not, in fact,

true.

32. This is causing considerable confusion for the Plaintiffs and likely for all others similarly situated as well.

33. Any Plaintiff, or individuals similarly situated, who made a payment to the Defendant may not have had their payment properly processed if the Defendant has no affiliation with Dish, as evidenced by Dish's own affidavits.

34. Upon information and belief, the Defendant placed numerous telephone calls in an attempt to collect debts in the state of West Virginia without identifying itself to both the Plaintiffs and all others similarly situated.

35. As a result of the Defendant's conduct, the Plaintiffs Brenda Davis and Clarence Davis were confused about who they were dealing with, litigated a case against the wrong entity and thereby accrued significant attorney's fees and costs, and were annoyed, harangued, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## II.    CLASS REPRESENTATION ALLEGATIONS

### THE PROPOSED CLASS

36. The named Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure. The class is presently defined as:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action, through the date of class certification, were called by Collecto, Inc. on behalf of Dish Network to collect a past due amount.

37. The requirements of Rule 23 are satisfied as follows:

     (a) The class is so numerous that joinder of all members is impracticable;

     (b) There are questions of law and fact common to all members of the class;

6

and

    (c) The named Plaintiffs' claims are typical of those of the class as a whole.

38. The Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and are represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

39. The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Additionally, the Defendant has acted or refused to act on grounds generally applicable to the entire class.

## CLASS ALLEGATIONS

41. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs' indebtedness, in violation of *West Virginia Code* §46A-2-127(a) and (c).

## III.   INDIVIDUAL ALLEGATIONS

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

42. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

7

43. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

   a. engaging in unreasonable, oppressive, or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs after the Plaintiffs requested the Defendant stop calling them, in violation of *West Virginia Code* §46A-2-125;

   b. causing Plaintiffs' phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs, in violation of *West Virginia Code* §46A-2-125;

   c. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs' indebtedness, in violation of *West Virginia Code* §46A-2-127(a) and (c).

44. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

45. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

46. The Plaintiffs are "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiffs are "natural persons."

8

47. The Defendant, Collecto, Inc. D.B.A. EOS CCA, is a "person" as defined by West
    Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or
    corporation."

48. The Defendant, with the intent to harass, used an "electronic communication device" as
    defined by West Virginia Code §61-3C-14a to make contact with the Plaintiffs after
    being requested by Plaintiffs to desist from contacting the Plaintiffs, in violation of *West
    Virginia Code* §61-3C-14a(a)(2).

49. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act*
    Chapter 46A as described in Count I above and therefore violate this statute as well.

50. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer
    Crimes and Abuse Act* as set forth above.

51. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* §61-
    3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

52. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced,
    harassed, bothered, upset, angered, harangued and otherwise caused indignation and
    distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

53. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

54. The Defendant made or caused to be made telephone calls to the Plaintiffs, causing
    Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and
    harass the Plaintiffs, in violation of *West Virginia Code* §61-8-16(a)(3).

9

55. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

56. The Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiffs were injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

57. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

58. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

59. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA, as alleged in Count I.

60. Specifically, the Defendant, Collecto, Inc. had a statutory duty to advise consumers that they were speaking with Collecto, Inc. and not Dish Network.

61. All debt collectors, pursuant to *West Virginia Code* §46A-2-127, have a statutory duty to advise consumers of the identity of the company calling.

62. Collecto, Inc. fails to do that on all calls placed into West Virginia on behalf of Dish Network.

10

63. By so doing, Collecto Inc. breached its duty to the Plaintiff by failing to adequately disclose the identity of the caller.

64. As a result of the Defendant's conduct, the Plaintiff sued the wrong party, Dish Network, in a federal lawsuit over collection harassment, when it was, in fact, Collecto, Inc. who should have been sued.

65. According to Dish Network, it has no control or bearing over Collecto, Inc.'s actions.

66. Collecto, Inc. therefore, through its negligence or willful deception, caused the Plaintiffs to expend significant hours, fees, and resources in pursuing the wrong Defendant.

67. The Plaintiffs' damages were foreseeable by the Defendant, as the reason for the statute requiring disclosure of the identity of the party collecting is to protect against just this kind of circumstance.

68. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

69. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

70. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

11

b. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4), such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

d. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs was undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

e. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

71. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

72. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### COUNT VI

#### *COMMON LAW INVASION OF PRIVACY*

73. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

74. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs' home.

12

75. The acts of the Defendant, in placing telephone calls to Plaintiffs' home telephone number, invaded, damaged, and harmed Plaintiffs' right of privacy.

76. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

77. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e. The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged in Count II, III, IV, V, and VI;

f. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

13

**BRENDA & CLARENCE DAVIS**

BY COUNSEL

BY:    /s/ Benjamin M. Sheridan
       Benjamin Sheridan (# 11296)
       *Counsel for Plaintiff*
       Klein & Sheridan, LC
       3566 Teays Valley Road
       Hurricane, WV 25526
       (304) 562-7111
       Fax: (304) 562-7115

       ben@kleinsheridan.com

Case No. 1:22-mc-00035-PAB   Document 1-2   filed 02/15/22   USDC Colorado   pg
Case 3:21-cv-00044   Document 2-1   16 of 43 1/15/21   Page 25 of 52 PageID #: 45
Case 3:18-cv-01415   Document 37-2   Filed 09/24/19

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

BRENDA DAVIS AND CLARENCE DAVIS,    )   CIVIL ACTION NO: 3:18-cv-01415

        Plaintiffs,                )   JUDGE ROBERT C. CHAMBERS

                                )

v.                                )

DISH NETWORK L.L.C.,            )

        Defendant.             )

### AFFIDAVIT OF JOEY L. MONTANO

Joey L. Montano, being first duly sworn according to law, deposes and states the following:

1.      I am over the age of 21. I am authorized to submit this Affidavit. The facts attested to in this Affidavit are true and correct. I make this Affidavit based on personal knowledge, based on information provided to me in company documents, and based on communications with company personnel in the ordinary course of my duties. I offer this Affidavit in support of Defendant DISH Network L.L.C. ("DISH")'s Reply in Support of Motion For Summary Judgment (the "Reply") and Statement of Undisputed Facts In Support of Summary Judgment.

2.      I am the Business Operations Manager for DISH.

3.      DISH is the provider of DISH Network® direct broadcast satellite television products and services to customers throughout the United States.

4.      The telephone number 877-839-0927 (the "'0927 number") is not used by DISH to make outbound telephone calls. DISH does not own the '0927 number. DISH's telephone dialing system does not, and has never, used the '0927 number to make outbound telephone calls. If Plaintiff received a telephone call bearing the CIN 877-839-0927, DISH did not make the call.

**EXHIBIT A**

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
Case 3:21-cv-00044   Document 2-1   Filed 01/15/21   Page 26 of 52 PageID #: 46
17 of 43
Case 3:18-cv-01415   Document 37-2   Filed 09/24/19   Page 3 of 3 PageID #: 351

5.    Brenda and Clarence Davis had seventeen (17) months remaining in their term commitment per the Digital Home Advantage Plan Agreement. Mr. and Mrs. Davis incurred a cancellation fee of $340.00 plus $20.40 tax.

6.    After DISH disconnected Mr. and Mrs. Davis' account in May 2018, DISH credited Mr. and Mrs. Davis for the previously billed DISH Pause in the amount of $6.67 (tax included).

7.    DISH had no knowledge that a third-party vendor with whom DISH contracted to collect delinquent accounts independently hired Maury Cobb Attorney at Law L.L.C.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Joey L. Montano
Business Operations Manager
DISH Network L.L.C.

Sworn to before me and subscribed in my presence, this _24_ day of September, 2019.

_____
Notary Public

County of Doyle
State of CO

LUCY HENDRICKS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074024816
MY COMMISSION EXPIRES JUNE 26, 2023

2

12674107 v1

**EXHIBIT A**

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**Brenda Davis and Clarence Davis,**
**PLAINTIFFS,**

vs.                                                    **Case No.: 18-01415**

**Dish Network, LLC, and**
**Maury Cobb, Attorney at Law, LLC,**
**DEFENDANTS.**

## AFFIDAVIT OF PLAINTIFF BRENDA DAVIS

After being duly sworn and cautioned, I Brenda Davis, do depose as follows:

1. During the period of April and May 2018, I received numerous incoming phone calls to my cellular telephone (phone number 304-549-6447) from the phone number 877-839-0927.

2. During the period of April and May 2018, when I saw the phone number 877-839-0927 on my Caller ID and answered my phone, the person on the other end of the line stated that they were calling from Dish.

3. During the period of April and May 2018, When I missed a call from the phone number 877-839-0927 and called that number back, the person who answered the phone identified themselves as Dish.

4. Subsequently, on October 4th, 2019, at 1:07 p.m., I sat with my counsel, Megan A. Patrick, in my Counsel's office and dialed, from Klein & Sheridan LC's phone, the phone number 877-839-0927.

5. During that call on October 4th, 2019, at 1:07 p.m., a woman answered the phone and stated "Thank you for calling in regards to your Dish account. How may I help you today." I then terminated the call.

Further, the affiant sayeth naught.


*Brenda Davis*
Brenda Davis


Page 1 of 2

**EXHIBIT B**

STATE OF WEST VIRGINIA,
COUNTY OF PUTNAM,

Taken, sworn to, subscribed and acknowledged before me, the undersigned authority, on

this 4ᵗʰ day of October 2019, by Brenda Davis, in my said county and state.

Notary's Signature

Scal:

My Commission Expires: 1-7-24

OFFICIAL SEAL
Notary Public, State Of West Virginia
AMANDA L. STEVENS
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
My Commission Expires January 07, 2024

Page 2 of 2

**EXHIBIT B**

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

**In the Matter of:**

BRENDA DAVIS re: Dish

*November 18, 2019*



**COURT REPORTING, LLC**

5010 Dempsey Drive
Cross Lanes WV 25313
304-415-1122

EXHIBIT C

RECORDED CONVERSATION

OF BRENDA DAVIS

NOVEMBER 18, 2019

RE: Dish

The following conversation was

transcribed from an audio recording, and

the same was accurately written out in

full and reduced to computer

transcription without the benefit of this

reporter's presence.

ELITE COURT REPORTING, LLC

5010 Dempsey Drive

Cross Lanes, West Virginia  25313

(304) 415-1122

Alison Hull, CR

**EXHIBIT C**

**Page 2**

PARTICIPANTS:

Benjamin Sheridan
Paige, Dish Representative

Brenda Davis

**Page 3**

1   The following conversation with
2   Brenda Davis was taken on November 18, 2019.
3       MR. SHERIDAN:  Good afternoon.
4   This is Ben Sheridan.  This is
5   November 18th, 2019, at or about 2:13 p.m.
6       I am with Brenda Davis.  And we are
7   calling to the telephone number 877-839-0927.
8   1-877-839-0927.
9       PAIGE:  Thank you for calling in
10  regards to your Dish account.  My name is Paige.
11  This call may be monitored or recorded for
12  training and compliance purposes.
13      Can I get your first and last name?
14      BRENDA DAVIS:  Yes, ma'am.  My
15  name is Brenda Davis.
16      PAIGE:  And the phone number
17  associated with your account?
18      BRENDA DAVIS:  304-549-6447.
19      PAIGE:  6047?
20      BRENDA DAVIS:  No.  6447.
21      PAIGE:  Okay.  And your four-digit
22  security code?
23      BRENDA DAVIS:  I think it's my
24  last -- Social, 9081.

**Page 4**

1       PAIGE:  It is not.  Birth year.
2       BRENDA DAVIS:  Okay.  Try 1022.
3       PAIGE:  It's your birth year.
4       BRENDA DAVIS:  Oh.  1951.
5       PAIGE:  What can I help you with
6   today?
7       BRENDA DAVIS:  Yes.  I was
8   wondering, do I still have an account with
9   you-all?
10      PAIGE:  You have a closed account.
11      BRENDA DAVIS:  A closed account?
12  What was the amount of the closed account?
13      PAIGE:  There is no balance on the
14  account.
15      BRENDA DAVIS:  Okay.  When was
16  that taken care of?
17      PAIGE:  It looks like
18  April the 21st of 2018.
19      BRENDA DAVIS:  Okay.  Well, thank
20  you so much.  Have a good day.
21      PAIGE:  You too.  Bye-bye.
22      MR. SHERIDAN:  I've hung up the
23  call.  This is the end of this recording.
24

**Page 5**

1   (Conversation concluded.)
2       * * * * * *

Elite Court Reporting, LLC
11/18/2019

EXHIBIT C

Page 6

```
 1              CERTIFICATE
 2          I, Alison Hull, Certified
 3   Court Reporter and Notary Public, do
 4   hereby certify that the foregoing recording
 5   was accurately written out in full and reduced
 6   to computer transcription to the best of my
 7   ability from an audio recording without the
 8   benefit of this reporter's presence.
 9          I further certify that I am neither
10   attorney or counsel for, nor related to or
11   employed by, any of the parties to the action in
12   which this recording was taken, nor do I have a
13   financial interest in the action.
14          My commission expires October 20,
15   2020.
16
17
18          Alison Hull
19
20          Alison Hull, CR
21
22
23
24
```

Elite Court Reporting, LLC
11/18/2019                    EXHIBIT C

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
24 of 43
Case 3:21-cv-00044    Document 2-1    Filed 01/15/21    Page 33 of 52 PageID #: 53

1

**1**

1-877-839-0927 3:8
1022 4:2
18 3:2
18th 3:5
1951 4:4

**2**

2018 4:18
2019 3:2,5
21st 4:18
2:13 3:5

**3**

304-549-6447 3:18

**6**

6047 3:19
6447 3:20

**8**

877-839-0927 3:7

**9**

9081 3:24

**A**

account 3:10,
17 4:8,10,11,12,14
afternoon 3:3
amount 4:12
April 4:18

**B**

balance 4:13
Ben 3:4
birth 4:1,3
Brenda 3:2,6,14,15,18,20,23 4:2,4,7,11,15,19
Bye-bye 4:21

**C**

call 3:11 4:23
calling 3:7,9
care 4:16
closed 4:10,11,12
code 3:22
compliance 3:12
concluded 5:1
conversation 3:1 5:1

**D**

Davis 3:2,6,14,15,18,20,23 4:2,4,7,11,15,19

day 4:20
Dish 3:10

**E**

end 4:23

**F**

four-digit 3:21

**G**

good 3:3 4:20

**H**

hung 4:22

**M**

monitored 3:11

**N**

November 3:2,5
number 3:7,16

**P**

p.m. 3:5
Paige 3:9,10,16,19,21 4:1,3,5,10,13,17,21
phone 3:16
purposes 3:12

**R**

recorded 3:11
recording 4:23

**S**

security 3:22
Sheridan 3:3,4 4:22
Social 3:24

**T**

telephone 3:7
today 4:6
training 3:12

**W**

wondering 4:8

**Y**

year 4:1,3
you-all 4:9

Elite Court Reporting, LLC
11/18/2019

EXHIBIT C

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
Case 3:21-cv-00044    Document 2-1 25 of 43 1/15/21    Page 34 of 52 PageID #: 54
Case 3:18-cv-01415    Document 35-1    Filed 09/03/1

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

# EXHIBIT A

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
Case 3:21-cv-00044    Document 2-1 26 of 43 1/15/21    Page 35 of 52 PageID #: 55
Case 3:18-cv-01415    Document 35-1    Filed 09/03/19    Page 2 of 5 PageID #: 128

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

BRENDA DAVIS AND CLARENCE DAVIS,   )   CIVIL ACTION NO. 3:18-cv-01415

                    Plaintiffs,     )   JUDGE ROBERT C. CHAMBERS

                            )

v.                          )

DISH NETWORK L.L.C.,         )

                    Defendant.    )

### AFFIDAVIT OF JOEY L. MONTANO

Joey L. Montano, being first duly sworn according to law, deposes and states the following:

1.      I am over the age of 21. I am authorized to submit this Affidavit. The facts attested to in this Affidavit are true and correct. I make this Affidavit based on personal knowledge, based on information provided to me in company documents, and based on communications with company personnel in the ordinary course of my duties. I offer this Affidavit in support of Defendant DISH Network L.L.C. ("DISH")'s Motion For Summary Judgment (the "Motion") and Statement of Undisputed Facts In Support of Summary Judgment.

2.      I am the Business Operations Manager for DISH.

3.      DISH is the provider of DISH Network® direct broadcast satellite television products and services to customers throughout the United States.

4.      Attached as **Exhibits B, C, and D** to DISH's Motion are true and accurate copies of DISH's Digital Home Advantage Plan Agreement, Residential Customer Agreement, and Service Agreement (the "Agreements" or "Agreement documents"). The Agreements set forth the terms and conditions of the DISH plan. It is the regular business practice of DISH to prepare, maintain, and keep all Agreement documents. I am familiar with how information regarding those

Case No. 1:22-mc-00035-PAB   Document 1-2   filed 02/15/22   USDC Colorado   pg
Case 3:21-cv-00044   Document 2-1   27 of 43 1/15/21   Page 36 of 52 PageID #: 56
Case 3:18-cv-01415   Document 35-1   Filed 09/03/19   Page 3 of 5 PageID #: 129

documents is inputted, stored, and retrieved. The Agreement documents are kept, maintained, and prepared by DISH's employees in the ordinary course of regularly conducted business activity; and it was in the regular course of DISH's business for its employees to maintain the Agreements at or near the time of the act or event.

5. Attached as **Exhibit G** to DISH's Motion is a true and accurate copy of DISH's outbound telephone call log that contains the scripts of what was actually said on the calls in connection with Brenda and Clarence Davis' account and telephone number 304-549-6447 (the "'6447 number"). The telephone call log shows all outbound telephone activity—including the date and time of each outbound telephone call related to Mr. and Mrs. Davis' account and the '6447 number. It is the regular business practice of DISH to prepare, maintain, and keep all telephone call log records. I am familiar with how information regarding the telephone call log is inputted, stored, and retrieved. The outbound telephone call log information is automatically stored in DISH's computer system. After I run a query for all the outbound telephone calls made to a specific telephone number(s) and account number(s), I generate the outbound call log by categorizing the information. The outbound telephone call log records are kept, maintained, and prepared by DISH's employees in the ordinary course of regularly conducted business activity; and it was in the regular course of DISH's business for its employees to make the telephone call log entries at or near the time of the act or event.

6. DISH made a total of seven account-related telephone calls to Mr. and Mrs. Davis at the '6447 number in April 2016. None of the telephone calls were made to collect or attempt to collect a claim or debt.

7. DISH made its last telephone call to the '6447 number on April 27, 2016.

2

Case No. 1:22-mc-00035-PAB   Document 1-2   filed 02/15/22   USDC Colorado   pg
Case 3:21-cv-00044   Document 2-1   28 of 43 1/15/21   Page 37 of 52 PageID #: 57
Case 3:18-cv-01415   Document 35-1   Filed 09/03/19   Page 4 of 5 PageID #: 130

8.      DISH offers a feature — called DISH Pause — that allows customers to suspend their programming temporarily and the monthly payment obligation while keeping the account active. DISH Pause allows the customer to retain their DISH equipment and utilize DISH's services after DISH Pause ends; as provided in the DHA, the customer's term commitment is extended by the number of days that the service is paused.

9.      On June 22, 2016, Mr. and Mrs. Davis paused their DISH account and agreed to a $5.00 (plus tax) a month charge to later reactivate their service or transfer the account to another user. Mr. and Mrs. Davis extended DISH Pause on February 15, 2017 and December 19, 2017. Mr. and Mrs. Davis ultimately extended DISH Pause until April 2018 and paid a $5.00 (plus tax) a month charge.

10.     A true and accurate copy of the December 19, 2017 inbound call recording is attached as **Exhibit H.** The inbound telephone call recordings are kept, maintained, and prepared by DISH's employees in the ordinary course of regularly conducted business activity.

11.     In April 2018, Mr. and Mrs. Davis unbundled and cancelled their DISH account and returned their leased DISH equipment.

12.     On May 21, 2018,  DISH sent Plaintiffs a bill for $360.40 to collect the early termination fee.

13.     DISH wrote-off the early termination fee in the amount of $360.40 on July 20, 2018.

14.     DISH has never received notice correspondence from Mr. Clarence Davis.

3

Case No. 1:22-mc-00035-PAB   Document 1-2   filed 02/15/22   USDC Colorado   pg
Case 3:21-cv-00044   Document 2-1   29 of 431/15/21   Page 38 of 52 PageID #: 58
Case 3:18-cv-01415   Document 35-1   Filed 09/03/19   Page 5 of 5 PageID #: 131

**FURTHER AFFIANT SAYETH NAUGHT.**

Joey L. Montano
Business Operations Manager
DISH Network L.L.C.

Sworn to before me and subscribed in my presence, this _____ day of August, 2019.

Notary Public

CHRISTINE L COX
Notary Public
State of Colorado
Notary ID 19964004106
My Commission Expires May 8, 2020

12587154 v1

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

| | |
|---|---|
| BRENDA DAVIS AND CLARENCE DAVIS, ) | CIVIL ACTION NO. 3:18-CV-01415 |
| Plaintiffs, ) | JUDGE ROBERT C. CHAMBERS |
| ) | |
| v. ) | |
| ) | |
| DISH NETWORK L.L.C., ) | |
| Defendant. ) | |

### DEFENDANT DISH NETWORK L.L.C.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant DISH Network L.L.C. ("DISH") submits its responses and objections to Plaintiffs'

Combined First Set of Interrogatories and Requests for Production of Documents (the "Requests").

DISH's responses to the Requests are based on a reasonable investigation by DISH and DISH's

counsel to date. DISH reserves the right to supplement its responses to the Requests as information

becomes available to it.

### GENERAL OBJECTIONS

1.      In answering or responding to the Requests, DISH does not admit the truth, validity,

completeness, or merit of any of Plaintiffs' definitions or instructions, or of the factual statements

recited in any of the individual Requests.

2.      DISH objects to the Requests to the extent that they seek information protected from

discovery on the grounds of attorney-client privilege, the work product doctrine, or any other

recognized privilege and/or applicable law.

3.      DISH objects to the Requests to the extent they seek legal conclusions or characterize

certain disputed information as undisputed fact.

**EXHIBIT E**

4.      DISH objects to the Requests to the extent that they seek the identification or production of documents and investigation of information not within the present possession, custody, or control of DISH, and/or to the extent the Requests seek to have DISH answer on behalf of a third party over which DISH has no control and the activities of which DISH has no first-hand knowledge.

5.      In providing any information in response to the Requests, DISH reserves, and does not waive, any objections or other challenges as to the competency, relevancy, materiality, completeness, privilege, or admissibility of the evidence as to any document or information identified or produced hereunder.

6.      DISH's responses to the Requests are made subject to DISH's continuing and ongoing discovery and DISH reserves its right to modify or supplement its responses to the Requests with respect to any response contained herein.  DISH specifically reserves the right to rely on any additional facts as may develop or be revealed as the case progresses.

7.      DISH's responses are submitted subject to and without waiving any of the specific or general statements and objections set forth in these responses.  These general objections are continuing, and they are incorporated by reference in each response below.  Any allegation not specifically admitted is expressly denied.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all records of any telephone calls placed by or on behalf of Defendant to the Plaintiffs during the forty-eight months preceding the filing of this lawsuit. (Note: The word "placed" as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

**RESPONSE:**

See DISH000004.

2

EXHIBIT E

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
32 of 43
Case 3:21-cv-00044    Document 2-1    Filed 01/15/21    Page 41 of 52 PageID #: 61

2.    Please produce all records of incoming telephone calls or letters associated with Plaintiffs' account.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations.    Subject to and without waiving the foregoing objection, see DISH000001-DISH000002, DISH000005-DISH000006, and DISH000050-DISH000052.

3.    Please produce all written communications and copies of any e-mail communications relating to Plaintiffs' account.

**RESPONSE:**

DISH objects to this Request on the basis that it is overly broad and unduly burdensome. DISH further objects to the extent that this Request calls for the disclosure of information or documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, see DISH000050-DISH000053.

4.    Please produce the contract or agreement between the Defendant and any third party, contractor or subcontractor which made or received any telephone calls relating to Plaintiffs' account. Please also state whether the telephone call was placed by a human being or a computer and whether or not a human being was available on the other end of the call to speak with Plaintiffs immediately upon connection with the Plaintiffs.

**RESPONSE:**

DISH objects to this Request on the basis that it seeks to have DISH answer on behalf of a third party over which DISH has no control and the activities of which DISH has no first-hand knowledge. DISH additionally objects on the basis that it seeks information that is irrelevant and not proportional to the needs of the case.

3

**EXHIBIT E**

5.     Please produce the contract, contracts, or written agreements with any third-party collection agency and/or independent contractors which communicated or attempted to communicate with the Plaintiffs in relation to the Plaintiffs' obligation to Defendant.

**RESPONSE:**

DISH objects to this Request on the basis that it seeks to have DISH answer on behalf of a third party over which DISH has no control and the activities of which DISH has no first-hand knowledge. DISH additionally objects on the basis that it seeks information that is irrelevant and not proportional to the needs of the case.

6.     Produce any and all documents with any collection agent (third party or otherwise) and/or independent contractor relating to the Plaintiffs' account for the last three (3) years.

**RESPONSE:**

DISH objects to this Request on the basis that it seeks information that is irrelevant and not proportional to the needs of the case.  DISH further objects on the basis that it is vague, ambiguous, and subject to multiple interpretations.

7.     If the Defendant asserts the defense set forth in West Virginia Code '46A-5-101(8), that any violation of West Virginia Consumer Credit and Protection Act was unintentional or the result of a bona fide error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please produce the following:

(a)     Any document outlining the maintenance of such procedures;

(b)     Any document relating to the implementation of such procedures;

(c)     Any document relating to the training of persons employed to make collection calls to consumers in West Virginia pursuant to such procedure; and

(d)     Any document relating to ensuring compliance by Defendant's employees with such procedure.

4

EXHIBIT E

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
Case 3:21-cv-00044   Document 2-1   Filed 01/15/21   Page 43 of 52 PageID #: 63
34 of 43

**RESPONSE:**

DISH objects to this Request on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. DISH further objects on the basis that discovery is ongoing. *See Sigman v. CSX Corp.*, No. 3:15-CV-13328, 2016 WL 7444947, at *2 (S.D.W. Va. Dec. 27, 2016).

8.    Please produce any and all recordings of phone calls between the Defendant and Plaintiffs.

**RESPONSE:**

See DISH000001-DISH000002.

9.    Please produce any contracts, agreements, or other memorandum which the Defendant contends represent a contractor or agreement between the Plaintiffs and the Defendant or the Defendant's principle resulting in a debt obligation owed by the Plaintiffs to the Defendant or the Defendant's principle.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations.    Subject to and without waiving the foregoing objection, see DISH000007-DISH000015 and other enclosed documents.

10.    Please produce any documents in the Defendant's possession which bears or purports to bear, or the Defendant has any reasonable basis to believe may contain the Plaintiffs' signature.

**RESPONSE:**

See DISH000007-DISH000015.

11.    Please produce any documents the Defendant intends to produce at trial.

5

**EXHIBIT E**

Case No. 1:22-mc-00035-PAB    Document 1-2    filed 02/15/22    USDC Colorado    pg
35 of 43
Case 3:21-cv-00044    Document 2-1    Filed 01/15/21    Page 44 of 52 PageID #: 64

**RESPONSE:**

DISH objects to this Request on the basis that it is premature. DISH will identify the documents it intends to produce at trial in accordance with the Local Rules for the Southern District of West Virginia and the Scheduling Order.

## **INTERROGATORIES**

12. For the period beginning two years prior to the filing of this suit, list each telephone call placed by or on behalf of Defendant to Plaintiffs or any telephone number the Defendant has associated with the Plaintiffs in its records, or any telephone call by or on behalf of Plaintiffs to Defendant, and as to each such call provide the following data: (Note: The word placed, as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

      a.  The date and time such call was placed or received (please indicate the time zone and/or the differential in time between the time stated and Eastern Standard Time);

      b.  The duration of such telephone call in seconds;

      c.  Whether such phone call made by Defendant to Plaintiffs was placed by computer or a person. If placed by a person, indicate the full name of such person and his or her employee ID or code as it would appear on entries made upon any record of such telephone calls or conversations;

      d.  A verbatim recitation of any note or account created with respect to each call and, if shorthand abbreviations or code is used in such verbatim recitation, please provide the actual words or meanings indicated by the shorthand, code or abbreviations;

      e.  Whether such telephone call was recorded, and if so, whether the recording still exists; and

6

**EXHIBIT E**

f.  If the telephone call was recorded, but the recording of such telephone call no

longer exists, state when the recording was erased or destroyed, why it was erased or destroyed,

and by whom.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations.  DISH further objects on the basis that the Request is disjunctive, compound, and constitutes more than one Interrogatory.

Subject to and without waiving the foregoing objections, DISH states that DISH did not call any telephone number associated with or registered to Plaintiffs' account in the two years prior to Plaintiffs' Complaint.

Further answering, and pursuant to Fed. R. Civ. P. 33(d), see enclosed DISH000005-DISH000006 for call logs showing all calls received by DISH in connection with Plaintiffs' account.

Further answering, and pursuant to Fed. R. Civ. P. 33(d), see enclosed DISH000001-DISH000002 for recordings of telephone calls received by DISH from Plaintiffs.

Further answering, and pursuant to Fed. R. Civ. P. 33(d), see enclosed DISH0000016-DISH0000049 for account notes in connection with Plaintiffs' account.

2.     On what date or dates, by what means, and to what agents or employees of

Defendant did it appear that Plaintiffs were represented by an attorney.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations.  Subject to and without waiving the foregoing objection, DISH states that on or about July 11, 2018, it received a letter dated July 5, 2018 from counsel for Plaintiff Brenda Davis in this action.  The letter is enclosed as DISH0000050-DISH000052.

3.     Does the Defendant have any recordings of conversations between its employees

and Plaintiffs? If so, please identify by date and time all such recorded conversations.

**RESPONSE:**

Pursuant to Fed. R. Civ. P. 33(d), see DISH000001-DISH000002.

7

**EXHIBIT E**

4.    With respect to each telephone call made to Plaintiffs' telephone, please indicate whether such call was placed by an employee of the Defendant, or by another person or entity. If such call was placed by any person or entity other than an employee of the Defendant, identify such person or entity.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations. Plaintiffs' Requests do not define "Plaintiffs' telephone" or provide a telephone number; neither does the Complaint. DISH further objects to the extent that this Request asks DISH to answer on behalf of a third party over which DISH has no control and the activities of which DISH has no first-hand knowledge.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), see DISH000003, which is a call log showing all calls made by DISH to the telephone number(s) registered to Plaintiffs' account.


5.    State the names and addresses of all supervisory personnel who controlled the employees who communicated or attempted to communicate with the Plaintiffs and indicate the names of each employee and their corresponding supervisor(s).

**RESPONSE:**

DISH objects to this Request on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. DISH further objects on the basis that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), DISH identifies DISH000001-DISH000002. Further answering, DISH states that Joey Montano, DISH's Business Operations Manager, has knowledge regarding DISH inbound and outbound communications, and Shannon Picchione has knowledge regarding DISH's policies and procedures. Both may be contacted through defense counsel.


6.    Please indicate whether any third-party collection agency and/or independent contractors were used in the collection of this/these accounts in the last three (3) years. If such debt

8

**EXHIBIT E**

collector and/or independent contractors were used please provide the name, address and date said

debt collection agency and/or independent contractor was used.

**RESPONSE:**

     DISH objects to this Request on the basis that it is vague, ambiguous, and contains
undefined terms. DISH additionally objects to the Request to the extent it seeks documents not in
DISH's possession, custody, or control.

     Subject to and without waiving the foregoing objection, and pursuant to Fed. R. Civ. P.
33(d), DISH identifies DISH0000018.

     7.    If the Answer to the preceding Interrogatory was in the affirmative, please provide

the names and home mailing addresses of all employees of such debt collection agency and/or

independent contractor, past and present, supervisory or non-supervisory, who communicated with

the Plaintiffs directly or indirectly.

**RESPONSE:**

     DISH objects to this Request on the basis that it seeks to have DISH to answer on behalf
of a third party over which DISH has no control and the activities of which DISH has no first-hand
knowledge. DISH further objects to this Request on the basis that it is vague, ambiguous, and
contains undefined terms.

     8.    Please identify, by date and parties thereto, any contract, contracts, or written

agreement(s) with any debt collection agency and/or independent contractor that communicated

either directly or indirectly with the Plaintiffs and/or supervised such communication and

          a. indicate the page and/or paragraph of such document which requires

compliance with Federal Law in the collection of debts, and

          b. indicate the page and/or paragraph of such document that may relate to

such entity's duty to defend or indemnify the Defendant.

9

**EXHIBIT E**

Case No. 1:22-mc-00035-PAB   Document 1-2   filed 02/15/22   USDC Colorado   pg
39 of 43
Case 3:21-cv-00044   Document 2-1   filed 01/15/21   Page 48 of 52 PageID #: 68

**RESPONSE:**

DISH objects to this Request on the basis that it seeks to have DISH to answer on behalf of a third party over which DISH has no control and the activities of which DISH has no first-hand knowledge. DISH does not know whether any "debt collection agency and/or independent contractor" "communicated either directly or indirectly with the Plaintiffs and/or supervised such communication[.]"

9.      Please provide all telephone numbers that the Defendant has used to call the

Plaintiffs or anyone the Defendant has a reasonable basis to believe was residing with the

Plaintiffs at any time during the four years preceding the filing of this lawsuit. Please include

in your response the identity of the telephone company the Defendant has or had that number

with and the Defendant's account number with that telephone company.

**RESPONSE:**

DISH objects to this Request on the basis that it is vague, ambiguous, and subject to multiple interpretations, specifically the "identify of the telephone company the Defendant has or had that number with[.]" Subject to and without waiving the foregoing objection, and pursuant to Fed. R. Civ. P. 33(d), DISH identifies DISH000004. DISH owns the telephone number listed in the "Caller ID Displayed" column.

10.      Please identify with specificity, any documents that the Defendant believes will

require a protective order for production, and the reason for said protective order for each

document so identified.

**RESPONSE:**

DISH objects to this Request on the basis that it seeks information that is irrelevant and not proportional to the needs of the case. DISH further objects as vague and unintelligible. The parties have agreed to a Protective Order, which governs the documents that the parties may designate as Confidential. If DISH designates a document as Confidential, it will do so on the document, and it is because DISH in good faith believes that the document is entitled to a Confidential designation.

10

**EXHIBIT E**

11.    If this Defendant asserts the defense set forth in West Virginia Code '46A-5-101(8) that any violation of the West Virginia Consumer Credit and Protection Act was unintentional or the result of a bona fide error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please provide the following:

      (a)    State the substance of every such procedure;

      (b)    The date or dates such procedure was implemented;

      (c)    State how Defendant ensures that its employees placing phone calls to consumers in West Virginia understand and follow all such procedures;

      (d)    Identify by date, agent or employee, and action, each possible unintentional violation of the West Virginia Consumer Credit and Protection Act in Defendant's dealings with Plaintiff;

      (e)    Explain how such unintentional violation occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such unintentional violation;

      (f)    Identify by date, agent or employee, and fact, each violation of the West Virginia Consumer Credit and Protection Act in Defendant's dealings with Plaintiff which was the result of a bona fide error of fact; and

      (g)    Explain how such bona fide error of fact occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:**

      DISH objects to this Request on the basis that discovery is ongoing. *See Sigman v. CSX Corp.*, No. 3:15-CV-13328, 2016 WL 7444947, at *2 (S.D.W. Va. Dec. 27, 2016). DISH further objects on the basis that the Request seeks a narrative response better suited for deposition testimony. *See Causey v. Heartland Express, Inc.*, No. CV 6:14-417-TMC, 2014 WL 12609315, at *2 (D.S.C. Nov. 17, 2014).

                                        **EXHIBIT E**

Dated: March 13, 2019

*/s/ Joseph R. Blalock*
JOSEPH R. BLALOCK (WVSB# 12090)
Benesch, Friedlander, Coplan & Aronoff LLP
44 15th Street, Suite 2
Wheeling, WV 26003
614-223-9359 Telephone
614-223-9330 Facsimile
jblalock@beneschlaw.com

-AND-

ERIC LARSON ZALUD (OHSB# 0038959)
(*Visiting Attorney*)
ANTHONY C. SALLAH (OHSB# 0092603)
(*Visiting Attorney*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
asallah@beneschlaw.com

*Attorneys for Defendant DISH Network L.L.C.*

12

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

BRENDA DAVIS AND CLARENCE DAVIS, )   CIVIL ACTION NO. 3:18-CV-01415
                                  )
            Plaintiffs,           )   JUDGE ROBERT C. CHAMBERS
                                  )
                                  )
v.                                )
                                  )
DISH NETWORK L.L.C.               )
                                  )
            Defendant.            )

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2019, I served the foregoing *Defendant DISH Network*

*L.L.C.'s Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for*

*Production of Documents* via e-mail to the following:

Benjamin M. Sheridan
Megan A. Patrick
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
bsheridan@kswvlaw.com
mpatrick@kswvlaw.com
*Attorneys for Plaintiffs*

/s/ Joseph R. Blalock
*One of the Attorneys for Defendant*
*DISH Network L.L.C.*

13

11974372 v1                                                    **EXHIBIT E**

E-FILED | 2/6/2020 3:27 PM
CC-40-2020-C-20
Putnam County Circuit Clerk
William Mullins

# EXHIBIT F
# FILED
# UNDER SEAL